

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00273-CR

John Thomas **HAYS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CR3545
Honorable Stephanie R. Boyd, Judge Presiding

Opinion by:   Rebeca C. Martinez, Chief Justice

Sitting:       Rebeca C. Martinez, Chief Justice
              Lori Massey Brissette, Justice
              Velia J. Meza, Justice

Delivered and Filed: July 15, 2026

AFFIRMED; MOTION TO WITHDRAW GRANTED

Pursuant to a plea bargain agreement, appellant John Thomas Hays pleaded guilty to the offense of violating a protective order. *See* TEX. PENAL CODE ANN. § 25.07. On November 4, 2024, the trial court deferred the adjudication of guilt and placed appellant on community supervision for a period of six years. On March 24, 2025, the State filed a Motion to Enter Adjudication of Guilt and Revoke Communnty Supervision. On April 15, 2025, the trial court

revoked appellant's community supervision and entered an adjudication of guilt. The trial court assessed punishment at six years' imprisonment. Appellant now appeals.

Appellant's court-appointed attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967), and requested permission to withdraw. Counsel concludes that this appeal is wholly frivolous and without merit. Counsel provided appellant with a copy of the brief and informed appellant of his right to review the record and to file his own brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014); *see also Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.) (per curiam); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). This court notified appellant of the deadline to file a pro se brief. Appellant did not file a pro se brief.

After reviewing the record and counsel's brief, we conclude there is no reversible error and agree with counsel that the appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Accordingly, the judgment of the trial court is affirmed, and appellate counsel's motion to withdraw is granted.[1] *See Nichols*, 954 S.W.2d at 86 (explaining that after the procedural requirements of *Anders* are satisfied and the court has independently reviewed the record, the court will grant the motion to withdraw and either dispose of the appeal if found frivolous or abate and remand the appeal if found non-frivolous); *Bruns*, 924 S.W.2d at 177 n.1 (explaining that if after independent review, the court finds arguable legal points, the appeal will be abated for the trial court to appoint new counsel if individual is indigent).

Rebeca C. Martinez, Chief Justice

DO NOT PUBLISH

_____

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed in the Court of Criminal Appeals, *see id*. R. 68.3, and any such petition must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.